Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com

Fredric Evenson (State Bar No. 198059)
Law Offices of Fredric Evenson
109 Quarry Lane
Santa Cruz, CA 95060
Telephone: (831) 454-8216
Facsimile: (415) 358-5695
Email: ecorights@earthlink.net

Attorneys for Plaintiff
ECOLOGICAL RIGHTS FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation, <br><br>     Plaintiff, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, an agency of the Department of Homeland Security, <br><br>     Defendant. | Civil Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Ecological Rights Foundation ("EcoRights") alleges as follows:

## INTRODUCTION

1. EcoRights brings this action under the Freedom of Information Act ("FOIA"), which allows an aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B). EcoRights also brings this action under the FOIA regulations that the Federal Emergency Management Agency ("FEMA") has adopted and which allow an aggrieved party to seek judicial relief. 44 C.F.R. § 5.59. EcoRights seeks declaratory and injunctive relief for FOIA violations by FEMA. At issue in this case is a FOIA request to FEMA seeking documents addressing Endangered Species Act ("ESA") section 7 consultations (16 U.S.C. § 1536) that have been initiated or proposed pertaining to the implementation of the National Flood Insurance Program ("NFIP") in California; documents concerning any ESA section 10 permits or habitat conservation plans (16 U.S.C. § 1539) that have been initiated or proposed, pertaining to the implementation of the NFIP in California; and documents submitted to FEMA by the National Marine Fisheries Service ("NMFS"), U.S. Fish and Wildlife Service ("USFWS"), the California Department of Fish and Wildlife ("CDFW"), or any other State or Federal agency or department pertaining to the ESA and the implementation of the NFIP in California. EcoRights alleges that FEMA: 1) has improperly withheld documents under invalid claims of exemptions under sections (b)(5) and (b)(6) of FOIA; 2) has failed to segregate and provide purely factual material responsive to EcoRights' FOIA request but has instead swept up such factual material in its withholding claim; and 3) enforces a request cut-off policy that defies the requirements of FOIA. FEMA's continued failure to respond to EcoRights' FOIA requests is part of a continuing pattern and practice of violating FOIA that has harmed the ability of EcoRights and other public interest organizations and individuals to serve as effective public interest watchdogs over FEMA's compliance with the ESA as the agency implements the NFIP in California.

## JURISDICTION

2. This Court has subject matter jurisdiction under 5 U.S.C. section 552(a)(4)(B), which allows an aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing

court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant.

3.  This Court has personal jurisdiction over FEMA and its officials because FEMA is an agency of the federal government operating within the United States.

## VENUE

4.  Venue in the United States District for the Northern District of California is proper under 5 U.S.C. section 552(a)(4)(B) because the complainants have their principal place of business in the Northern District, and many of the records sought by complainants are most likely situated in the FEMA office located at 1111 Broadway, Oakland, California--which is located within the Northern District.

## INTRADISTRICT ASSIGNMENT

5.  Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(d) because EcoRights' principal counsel resides in San Francisco County, EcoRights' principal place of business is located in Garberville, California and the office of the Deputy U.S. Attorney who will likely serve as at least one of FEMA's counsel in this matter is located in the Federal Building in San Francisco County.

## THE PARTIES

6.  Ecological Rights Foundation ("EcoRights") is a non-profit, public benefit corporation, organized under the laws of the State of California, devoted to furthering the rights of all people to a clean, healthful and biologically diverse environment. To further its environmental advocacy goals, EcoRights actively seeks federal and state agency implementation of state and federal wildlife related laws, and as necessary, directly initiates enforcement actions on behalf of itself and its members.

7.  Defendant Federal Emergency Management Agency ("FEMA"), an agency of the Department of Homeland Security, is the agency of the United States Government responsible for administering and implementing the National Flood Insurance Program.

## STATUTORY AND REGULATORY BACKGROUND

8.  FOIA requires that an agency disclose documents to any person except where the document falls under a specifically enumerated exemption. 5 U.S.C. § 552. The courts have emphasized the

1  narrow scope of these exemptions and "the strong policy of the FOIA that the public is entitled to know
2  what its government is doing and why." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868
3  (D.C. Cir. 1980).
4      9. When an agency decides to withhold records under a claim of exemption it must notify the
5  person making such request of such determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i).
6  Government agencies bear the burden of proof to show that any withheld documents are exempt from
7  the duty to disclose. 5 U.S.C. § 522(a)(4)(B).
8      10. On June 30, 2016, President Obama signed into law the FOIA Improvement Act of 2016. The
9  Act made significant amendments to FOIA, effective as of enactment on June 30, 2016. 5 U.S.C. § 522,
10 § 6; OIP Summary of the FOIA Improvement Act of 2016. The amendments include changes to the
11 standard by which FEMA must evaluate withholdings. The FOIA Improvement Act of 2016 dictates that
12 agencies shall withhold information only if disclosure would harm an interest protected by an exemption
13 – what is referred to as the "foreseeable harm standard." 5 U.S.C. § 552(a)(8)(A)(i); OIP Summary of
14 the FOIA Improvement Act of 2016.
15     11. Agencies may not make blanket redactions of the names and contact information of agency
16 employees under exemption (b)(6) unless the information regards personnel, medical, and similar files
17 the disclosure of which would constitute an invasion of personal privacy. 5 U.S.C. § 552(b)(6).
18 Individualized inquiry, not categorical non-disclosure, is required to balance individual privacy interests
19 with the right of the public to free access to information about its government. 5 U.S.C § 552(b)(6);
20 *American Immigration Lawyers Assn. v. Executive Office for Immigration Review*, 2016 WL 4056405
21 (D.C. Cir. 2016).
22     12. Furthermore, 5 U.S.C. section 552(a)(6)(A)(i) requires that the agency provide enough
23 information, presented with sufficient detail, clarity, and verification, so that the requester can fairly
24 determine what has not been produced and why, and the court can decide whether the exemptions
25 claimed justify the nondisclosure. When an agency invokes any of the FOIA exemptions, the agency
26 must provide an index to the requestor that outlines its reasoning for withholding documents. The index
27 must identify: (1) each document withheld, (2) the statutory exemption claimed, and (3) a particularized

explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption.

13. Additionally, FOIA requires an agency to consider partial disclosure whenever the agency determines that a full disclosure of a requested record is not possible and to take reasonable steps necessary to segregate and release nonexempt information. 5 U.S.C. § 552(a)(8)(A).

14. FOIA also requires that an agency, upon any request for records, shall make the records available promptly. 5 U.S.C. § 552(a)(3)(A). An agency shall make a determination whether to comply with a request within twenty (20) business days after the receipt of the request and shall immediately notify the party making the request of such determination, the reasons for the determination, and the party's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). In unusual circumstances, the agency may extend the time for the determination, for no more than ten (10) days, by written notice to the party, specifying the reasons for the extension and the date on which the determination is expected to be sent. 5 U.S.C. § 552(a)(6)(B)(i). "Unusual circumstances" means (1) the need to search for and collect requested records from field facilities or other establishments separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or (3) the need for consultation with another agency or agency component having a substantial interest in the determination of the request. *Id*. Consultation with another agency shall be conducted with all practicable speed. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

15. Federal agencies are under a duty to conduct a reasonable search for records responsive to a party's request using methods that can be reasonably expected to produce the information requested to the extent they exist. 5 U.S.C. § 522(a)(3)(C).

16. FEMA has adopted its own FOIA regulations, located at 44 C.F.R Part 5. These regulations require that FEMA, upon a request for records, shall make the records available promptly. 44 C.F.R. § 5.50(a). FEMA shall make a determination whether to comply with the request within ten (10) business days of receipt of the request. 44 C.F.R. § 5.52(b). If approved, records shall be made available "promptly." 44 C.F.R. § 5.53. If the request is denied, within 10 days of receipt FEMA must provide written reasons for the denial, including (1) a description of the records requested, (2) the reasons for

nondisclosure, (3) the name and title or position of the official responsible for the denial of the request, and (4) state the requestor's appeal rights. 44 C.F.R. § 5.54(b). In unusual circumstances, FEMA may extend the time for the determination, for no more than ten (10) days, by written notice to the party, specifying the reasons for the extension and the date on which the determination is expected to be provided. 44 C.F.R. § 5.56. Unusual circumstances means (1) the need to search for and collect requested records from field facilities or other establishments separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or (3) the need for consultation, which shall be conducted with all practicable speed, with another agency or with a non-Federal source having a substantial interest in the determination of the request or among two or more components of FEMA having substantial subject matter interest therein. *Id*.

17. An agency's process for dealing with FOIA requests constitutes "withholding" if its net effect is significantly to impair the requester's ability to obtain the records or significantly increase the amount of time he or she must wait to obtain them. *McGehee, III v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), *vacated in part on other grounds*, 711 F.2d 1076 (1983).

## FACTUAL BACKGROUND

### FEMA'S Response to EcoRights' June 8, 2015 FOIA Request

18. EcoRights has sent FEMA a series of FOIA requests for documents related to Endangered Species Act ("ESA") section 7 consultations (16 U.S.C. § 1536) over implementation of the National Flood Insurance Program ("NFIP"), the first dated June 8, 2015. The most recent FOIA request made by EcoRights to FEMA was FOIA Request No. FEMA 2016-FEFO-01357 dated April 8, 2016. FEMA has failed to respond to EcoRights' requests within the deadlines mandated by FOIA, and has withheld documents without adequate justification.

19. The records sought by EcoRights are crucial for the public to understand how the NFIP can impact development and wildlife habitat in floodplains and to evaluate how FEMA may or may not be fulfilling its obligations under the ESA. As a public interest environmental organization, EcoRights is

COMPLAINT FOR DECLARATORY     5
AND INJUNCTIVE RELIEF

1  concerned that because a number of federal courts have already held that FEMA failed to properly
2  consult with NMFS or USFWS over the NFIP in other states, FEMA has similarly not fulfilled its
3  requirements under the ESA in California.
4     20.  EcoRights has intended to use the information requested to educate the public about any steps
5  taken by FEMA to comply with the ESA and any USFWS, NMFS, or CDFW considerations of the
6  impacts of the NFIP on listed species. Without this information, EcoRights cannot successfully serve as
7  an effective public interest watchdog ensuring FEMA's compliance with the ESA in California.

### FEMA's Response to EcoRights' April 8, 2016 FOIA Request

21. In its May 26, 2016 response letter to FOIA Request No. FEMA 2016-FEFO-01357, FEMA indicated that it had identified 4,267 records responsive to the FOIA request, of which FEMA processed 500 pages for its first interim release. The letter stated that "FEMA will produce additional document releases approximately every three weeks [which] will comprise approximately 1,000 pages per installment, leaving three to four installments of documents anticipated." The letter indicated that FEMA was granting full access to 4 records, was withholding access in part from 486 pages, and was withholding access in full to 5 pages. FEMA also indicated that it had referred 5 pages to NMFS.

22. EcoRights via their public interest counsel at Environmental Advocates appealed FEMA's determination in a letter dated June 27, 2016. EcoRights further sent FEMA a supplemental appeal statement dated July 15, 2016 regarding the new FOIA Improvement Act of 2016, claiming FEMA had withheld documents without adequate justification that they were exempt from disclosure under FOIA as required by the new FOIA Improvement Act of 2016.

### FEMA's Second Interim Letter in Response to EcoRights' June 27, 2016 Appeal

23. In its response letter regarding Request # FEMA 2016-FEFO-01357 from Monique Booker-Kasper, Senior Team Lead, Disclosure Branch, Records Management Division, Mission Support, FEMA, dated June 29, 2016 ("second interim letter"), FEMA indicated that it made partial and full redactions of documents under FOIA exemptions (b)(5) and (b)(6) but failed to indicate how many of the 491 documents were withheld pursuant to FOIA exemption (b)(5) versus (b)(6).

24. On information and belief, EcoRights alleges that FEMA has not complied with 5 U.S.C. § 552(b)'s requirement that when asserting a document contains materials exempt from disclosure the federal agency must segregate any purely factual material not exempt from disclosure. FEMA's FOIA determination letter makes no mention of any attempt by FEMA to review the documents for segregable factual information and, FEMA's past conduct has indicated that the agency has a pattern and practice of not doing so.

25. In both the first and second interim releases, FEMA has extensively invoked exemption (b)(5) for documents that relate to FEMA's rulemaking on the NFIP. However, FEMA has already twice waived confidentiality to at least some of the documents that pertain to this rulemaking, and has thus improperly redacted these documents.

26. First, FEMA effectively disclosed many of the documents' contents in other public communications about its policies, such as numerous public documents that have already revealed that NMFS and FEMA disagree whether FEMA must consult under ESA § 7 with NMFS over the NFIP. *See, e.g*., "The Changing Landscape of Flood Plains," Environmental and Land Use Law, Sep. 2014.,Vol. 40, No. 2 at page 5, available at http://www.wsba.org/~/media/Files/Legal%20Community/Sections/ELUL/Newsletters/September%202014.ashx (accessed 7/12/16); "Guidance for Flood Risk Analysis and Mapping: Documentation of Endangered Species Act Compliance for Conditional Letters of Map Change," FEMA, Nov. 2015, available at http://www.fema.gov/media-library-data/1449865883913- 95472b08561a5a14738b38683ec256c7/ESA_Guidance_Nov_2015.pdf (accessed 7/12/16); NMFS Biological Opinion on the NFIP in Oregon (at page 2 pointing out that FEMA engaged in ESA section 7 consultation on aspect of NFIP in response to federal court order), available at http://www.westcoast.fisheries.noaa.gov/publications/habitat/2016_04-14_fema_nfip_nwr-2011-3197.pdf (accessed 7/12/16).

27. Second, FEMA has also waived confidentiality to documents pertaining to the conflict between NMFS and FEMA over FEMA's duties under the ESA since FEMA has already disclosed un-redacted documents on the issue to EcoRights in prior FOIA releases, which are the subject of an ongoing "clawback" dispute in *EcoRights v. FEMA*, 4:15-cv-04068-DMR (N.D. Cal). In the prior releases,

FEMA directly released documents detailing the dispute between FEMA and NMFS to EcoRights, and NMFS published documents referred to by FEMA online.

28. FEMA has also redacted names in released documents under a claim of exemption (b)(6). However, on the face of the documents, there is nothing to show that names redacted fall under any privacy protections. On information and belief, EcoRights alleges that the extensive redactions of third-party names have not been the result of a thoughtful process, but rather have been applied in a blanket fashion. The FOIA Improvement Act of 2016 expressly requires that FEMA can only withhold such information if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C § 552(a)(8)(A)(i)(I). On information and belief, EcoRights alleges that there is no such FEMA interest in withholding these documents.

29. The redaction of full names in FOIA documents dramatically reduces the utility of released documents by hampering efforts by requestors such as EcoRights to construct an accurate narrative. A given document might appear entirely cryptic until its context can be seen as part of a chain of related documents, and it is frequently impossible or exceedingly difficult to create a chain of related documents without knowing who generated and received them.

30. In its second interim letter, FEMA explained that it was imposing a search cutoff date of April 8, 2016 – the date the request was made. FEMA set an improper cutoff date by looking only for documents in its possession as of the date it received the FOIA request, not the date it actually conducts each of its searches. This is problematic because, for example, the second interim letter stated that FEMA estimated that it would complete the response in two to three more installments, with one every three weeks. Under this schedule, all of the responses would be 5 to 6 months out of date by the time EcoRights would ostensibly be in receipt of all responsive documents.

31. Ultimately, this FEMA methodology of utilizing an improper cutoff date effectively precludes EcoRights and other public interest organizations and individuals from promptly obtaining current documents addressing the topics of its FOIA request.

//

//

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                           8

**FIRST CLAIM FOR RELIEF**
**FEMA Violation of FOIA**
**5 U.S.C. §§ 552(a)(i)**

**Request for Declaratory Relief and Injunction to Compel FEMA to Comply with FOIA Requirement to Release Documents Unless a Valid Exemption Applies**

32. EcoRights reasserts and realleges paragraphs 1 through 31 above.

33. FEMA has violated 5 U.S.C. §§ 552(a)(8)(A) by failing to release documents under invalid and unjustified claims of exemption under (b)(5) and (b)(6). FEMA may not withhold documents unless foreseeable harm will occur to an interest protected by an enumerated exemption. 5 U.S.C. §§ 552(a)(8)(A)(i). Exemptions are read narrowly and FEMA bears the burden of proving exemptions apply, which it has failed to do. 5 U.S.C. § 552(a)(4)(b). FEMA has violated FOIA by failing to promptly produce all documents responsive to EcoRights' April 8, 2016 FOIA request (Request No. FEMA 2016-FEFO-01357) not subject to a valid FOIA exemption. 5 U.S.C. § 552(a)(3)(A).

34. Furthermore, 5 U.S.C. section 552(a)(6)(A)(i) "requires that the agency provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and why, and the court can decide whether the exemptions claimed justify the nondisclosure." When an agency invokes any of the FOIA exemptions, the agency must also provide an index to the requestor that outlines its reasoning for withholding documents. FEMA has not done so.

**SECOND CLAIM FOR RELIEF**
**FEMA Violation of 45 U.S.C. §§ 552(a)(8)(A)(ii)**

**Request for Declaratory Relief and Injunction to Compel FEMA to Comply with FEMA's Requirement to Segregate Factual and Exempted Material**

35. EcoRights reasserts and realleges paragraphs 1 through 34 above.

36. On information and belief, EcoRights alleges that FEMA has violated 45 U.S.C. §§ 552(a)(8)(A)(ii) in failing to segregate any factual material contained within the documents requested by EcoRights' April 8, 2016 FOIA request from any materials that may be withheld under a valid claim of exemption.

## THIRD CLAIM FOR RELIEF
### FEMA Violation of FOIA
### 5 U.S.C. § 552 and 44 C.F.R. § 5.59

**Request for Declaratory Relief and Injunction to Compel FEMA to Cease Employing Search Cut-Off Dates that Violate FOIA and its Own FOIA Regulations**

37. EcoRights reasserts and realleges paragraphs 1 through 36 above.

38. FEMA has violated and is in ongoing violation of 5 U.S.C. § 552 by illegally imposing invalid cut-off dates for FOIA requests, including but not limited to EcoRights' April 8, 2016 FOIA request, that constitute an unjustified withholding of relevant information and delay the release of current information relevant to requests.

39. FEMA has violated and is in ongoing violation of its own FOIA regulations found at 44 C.F.R. §5.59 in imposing improper cut-off dates for FOIA requests that cause relevant information to be unlawfully withheld and delay the release of current information relevant to FOIA requests.

## PRAYER FOR RELIEF

WHEREFORE, EcoRights seeks the following relief:

a. A declaratory judgment pursuant to 5 U.S.C. § 552 that FEMA violated FOIA by failing to release documents under invalid claims of exemptions under (b)(5) and (b)(6).

b. A declaratory judgment pursuant to 5 U.S.C. § 552 that FEMA violated FOIA by imposing improper cut-off dates for its searches in response to FOIA requests that constitute unlawful withholding of information and delay in the release of current information.

c. A declaratory judgment pursuant to 44 C.F.R. § 5.59 that FEMA violated its own FOIA regulations by failing to promptly produce documents responsive to EcoRights' April 8, 2016 FOIA request by imposing improper cut-off dates that cause current, relevant information to be withheld.

d. An injunction pursuant to 5 U.S.C. § 552(a)(4)(B) ordering FEMA to: immediately provide its determinations for EcoRights' April 8, 2016 FOIA request and produce all documents in its possession responsive to said request; and immediately provide EcoRights with a detailed, legally adequate explanation for the withholding of any documents or portions of documents responsive to

1  EcoRights' April 8, 2016 FOIA request.

2  e. An award of attorneys fees and costs to EcoRights pursuant to 5 U.S.C. § 552(a)(4)(E); and

3  f. Such other and further relief as this Court deems just and proper.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Based on EcoRights' knowledge to date, pursuant to Civil Local Rule 3-15, the undersigned certifies that, as of this date, other than the named parties, there is no such interest to report.

Respectfully Submitted,

Dated: September 14, 2016

By: _____
Christopher Sproul

*Counsel for Ecological Rights Foundation*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF    11