BRIAN J. STRETCH (CABN 163973)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7071
    Fax: (415) 436-6758
    Robin.Wall@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>    Defendant. | Case No. 16-cv-05254-MEJ<br><br>**EMERGENCY MOTION FOR STAY PENDING APPEAL; DECLARATION OF ROBIN M. WALL; PROPOSED ORDER** |

**EMERGENCY MOTION FOR STAY**

Pursuant to Federal Rule of Civil Procedure 62(c) and Civil Local Rule 7-11, defendant Federal Emergency Management Agency (FEMA) hereby moves, on an emergency basis, for a stay of the December 21, 2017, production deadline set forth in the Court's orders dated November 30, 2017, and December 15, 2017, pending any appellate review. Defendant respectfully requests that, if possible, the Court rule on this motion for a stay by **Wednesday, December 20, 2017**, to permit the U.S. Department of Justice to seek interim relief and a stay from the Ninth Circuit before the current December 21 production deadline, if necessary.

Any appeal taken by the federal government must be approved by the Solicitor General of the United States. *See* 28 C.F.R. § 0.20(b). FEMA requests a stay at this time to ensure adequate time for the Solicitor General to determine the appropriate course of action, including whether to exercise the government's appellate rights. That appellate review is underway. Assuming that the deadline for the government to file a notice of appeal runs from the Court's order on summary judgment and not any subsequent judgment, the deadline is January 29, 2018. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1).

Defendant's counsel has conferred with plaintiff's counsel regarding a potential stipulation to stay the production deadline, and last week the parties agrees to an interim one-week stay. Defendant's trial counsel in this matter learned today that three days ago on Friday, December 15, 2017, Judge Donato had denied the extension requested by plaintiff and FEMA in *Ecological Rights Foundation v. Federal Emergency Management Agency*, Case Nos. 16-cv-06987-JD, 16-cv-07252-JD, and 17-cv-02788-JD. *See* Case No. 16-cv-06987-JD, ECF 40 (docket entry). Plaintiff's counsel indicated after 10 p.m. tonight that plaintiff is not willing to stipulate to a further stay. *See* Declaration of Robin M .Wall (submitted herewith).

## ARGUMENT

This is a Freedom of Information Act ("FOIA") case regarding three separate FOIA requests to defendant FEMA. The documents at issue in the first and second requests concern internal FEMA and interagency discussions regarding "draft" and "final rules" related to the National Flood Insurance Program. The documents at issue in the third request concern implementation of the NFIP in Monterey County, California, including materials and information submitted to FEMA by private third parties.

On November 30, 2017, the Court entered an order granting, in part, and denying, in part, the parties' cross-motions for summary judgment. The Court's order instructs FEMA to produce (i) all of the material withheld pursuant to Exemption 5 in connection with the first and second FOIA requests; (ii) and all of the material withheld pursuant to Exemption 6 in connection with the third FOIA request. (*See* ECF 74 at 13, 16.) The Court did not conduct an in camera review of the withheld material at issue. The Court ordered production within two weeks of the date of the order—that is, by December 14, 2017. (*See id.*) The parties agreed to and the Court ordered a one-week extension of that deadline.

(ECF 78.)

To preserve the government's right to seek appellate judicial review and to preserve the Ninth Circuit's ability to consider the issues presented in this case—if appeal is authorized—FEMA respectfully requests a stay of the December 21, 2017, production deadline pending appeal. A stay of the production deadline set forth in the Court's orders is necessary to avoid the irreparable harm that would result if the government is forced to disclose the withheld material at issue before it has the opportunity to weigh and pursue its appellate rights.

## I. STANDARD

The Court has discretion to determine whether it should stay its orders pending appeal. *See City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1011-12 (N.D. Cal. 2013). In determining whether to order a stay, district courts weigh four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See id.* at 1012; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (stay of order releasing prisoner); *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (stay of removal). The Ninth Circuit weighs similar factors when deciding whether to grant a stay pending appeal: a party requesting a stay may either show "both a probability of success on the merits and the possibility of irreparable injury" or "that serious legal questions are raised and that the balance of hardships tips in its favor." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). In this FOIA action, absent a stay, the government will effectively be denied its right of appeal. For this and the reasons that follow, a stay is warranted under either standard.

## II. THE GOVERNMENT WILL SUFFER IRREPARABLE INJURY IF A STAY IS NOT GRANTED AND THE BALANCE OF HARDSHIPS WEIGHS IN ITS FAVOR.

FEMA requests a stay of the December 14, 2017, deadline in order to allow the government to consider whether appeal is appropriate and, if the Solicitor General determines it is, to exercise the defendant's right to appeal.

In the absence of a stay, FEMA will be required to disclose hundreds of pages of withheld material, including documents reflecting draft proposed rule changes (ECF 63 at 9-10) and private third

party PII. The irreparable harm that would result is manifest: if the documents and third-party PII are required to be turned over prior to an appeal regarding whether they should be turned over, the government effectively will be denied any right of appeal. The documents will forever become part of the public domain, and the interests of FEMA and the third-parties who submitted their PII to FEMA will be irreparably harmed. "Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable. [The government's] right of appeal here will become moot unless the stay is continued pending determination of the appeal[]." *Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979). Accordingly, "stays [pending appeal] are routinely granted in FOIA cases." *Ctr. For Nat'l Sec. Studies v. U.S. Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002); *see, e.g., People for the American Way Foundation v. U.S. Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (same). Once the government is forced to disclose the withheld material at issue, its right to a meaningful appeal will be lost, and the Court will be unable to restore the status quo.

Disclosure of the private third party PII would harm third-party privacy interests. The Ninth Circuit has made clear that "[i]ndividuals whose names along with other personal information are listed in government files have a privacy interest in such information." *Professional Programs Group v. Dept. of Commerce*, 29 F.3d 1349, 1354 (9th Cir. 1994). Thus, for example, the Ninth Circuit has recognized the cognizable privacy interest of persons seeking raft permits. *See Minnis v. Dept. of Agriculture*, 737 F.2d 784, 787-788 (9th Cir. 1984) (disclosing names of addresses of individuals who obtained rafting permits would reveal each individuals' "personal interests in water sports and the out-of-doors" and would "implicate[d] more than a minimal privacy interest"). The disclosure of third-party private information would threaten a similar harm that could not be reversed after disclosure.

On the other side of this balance, a stay pending the appeals deadline would not substantially harm plaintiff. A stay would only "postpone[s] the moment of disclosure[,] assuming [plaintiff] prevails[,] by whatever period of time may be required [] to hear and decide the appeal[]." *Providence Journal*, 595 at 890.

Public policy also militates in favor of a stay. Exemption 5 is intended to protect the confidentiality of the government's deliberative process. *See Dep't of Interior v. Klamath Water Users*

*Protective Ass'n*, 532 U.S. 1, 8 (2001). Exemption 6 is intended to protect privacy interests including "the individual's control of information concerning his or her person." *Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-764 & n.16 (1989); *accord, e.g.*, *Dept. of Defense v. FLRA*, 510 U.S. 487, 500 (1994). These interests will be irrevocably compromised if statutorily-exempt documents are ordered disclosed before the completion of appellate review. Issuance of a stay, in contrast, will not harm the public interest. Like plaintiff, the most the public stands to lose from the Court granting the instant stay request is to have to wait until the Solicitor General has had an opportunity to consider appeal and, if the government elects to exercise its appellate rights, the Ninth Circuit resolves the process and disclosure issues.

### III. AN APPEAL WOULD PRESENT SERIOUS LEGAL QUESTIONS, AND THE GOVERNMENT CAN ESTABLISH A PROBABILITY OF SUCCESS.

#### A.    Exemption 6 withholdings

The Court's order that FEMA disclose third-party PII in connection with plaintiff's third FOIA request raises two serious legal questions: First, was it appropriate for the Court to order the disclosure of third-party PII in the absence of a motion from plaintiff seeking such disclosure and without giving FEMA an opportunity to respond to a motion and provide a Vaughn index and declaration to support its redaction of the PII at issue; and second, whether any purported public interest in disclosure outweighs the invasion of third-party privacy interests that plaintiff seeks.

First, with respect to the due process issue, FEMA was not provided notice of, or an adequate opportunity to respond to, any motion by plaintiff to compel the disclosure of PII withheld pursuant to FOIA Exemption 6 in connection with plaintiff's third October 19, 2016, FOIA request. When plaintiff filed for summary judgment, it did not move to disclose the "third-party, non-governmental" PII withheld in connection with the third October 19 FOIA request that the Court has ordered FEMA to disclose. *See* ECF 74 at 14 (citation omitted). Rather, plaintiff moved to compel the disclosure of different Exemption 6 withholdings made in connection with the first and second FOIA requests—*e.g.*, the names and contact information of <u>federal personnel</u> employed by non-party agencies. (ECF 42 at 8-14; 48 at 17-19.) These withholdings of federal personnel information in connection with the first and second FOIA requests—which FEMA voluntarily disclosed—present different privacy issues than <u>third-</u>

party PII withheld in connection with the third FOIA request.  Accordingly, when FEMA produced its initial Vaughn index in response to plaintiff's motion for summary judgment, FEMA did not list the redactions of third-party PII withheld in connection with the third FOIA request, because there was no pending motion for its disclosure.  *See* ECF 63 at 4-5.

When plaintiff raised the issue of the third-party PII withholdings for the first time in an August 4, 2017, status report (ECF 63 at 4-5), FEMA noted that the withholdings were not the subject of any pending motion and asked for an "opportunity to respond and supplement its Vaughn index … in order to provide a basis to protect this third-party information from disclosure," if the Court wanted to address the issue. ECF 63 at 5.  The Court did not inform the parties that it would treat the status report as a motion for disclosure, nor did it ask FEMA to respond before finding that the Exemption 6 withholdings were improper.  While it is true that "the Court provided FEMA with numerous opportunities to address deficiencies in its three Vaughn Indices," Order at 15, FEMA was never given an opportunity to prepare a Vaughn index and supporting declaration for these Exemption 6 withholdings, nor is it clear why FEMA should have been expected to do so given that there was no pending motion for disclosure.

Second, the order raises an issue regarding whether any purported public interest in disclosure outweighs the invasion of third-party privacy interests that plaintiff seeks.  Courts conduct a balancing test and evaluate four factors to determine whether disclosure constitutes a "clearly unwarranted invasion of personal privacy." *Van Bourg, Allen, Weinberg & Roger v. N.L.R.B.*, 728 F.2d 1270 (9th Cir. 1984).  Those factors are: (1) the plaintiff's interest in disclosure, (2) the public's interest in disclosure, (3) the degree of the invasion of personal privacy, and (4) the availability of any alternative means of obtaining the requested information. Id. In weighing these factors, the asserted private and public interests must be balanced against the degree of the privacy invasion.  *Id*.

The primary test to determine the significance of a privacy interest under Exemption 6 is whether the interest "encompass[es] the individual's control of information concerning his or her person." *Reporters Committee*, 489 U.S. at 763-764 & n.16; *accord, e.g.*, *DoD v. FLRA*, 510 U.S. at 500.  The threshold for finding a cognizable privacy interest under Exemption 6 is relatively low.  A "non-trivial privacy interest" is sufficient to justify the withholding of information under Exemption 6, unless the

1  public interest in disclosure is sufficient to outweigh it.  *See DoD v. FLRA*, 510 U.S. at 501.

2  The "public interest" to be weighed in Exemption 6's balancing test is the extent to which
3  disclosure would serve the "core purpose" of FOIA.  *See DoD v. FLRA*, 510 U.S. at 495.  The core
4  purpose of FOIA is, of course, to contribute to the "public understanding of the operations or activities
5  of the government."  *Id*. (emphasis in original, internal citation omitted). The relevant inquiry is whether
6  the requested information directly relates to and would facilitate the primary purpose of FOIA, which is
7  to let citizens know "what their government is up to."  *United States Dep't of Justice v. Reporters*
8  *Comm.*, 489 U.S. 749, 773 (1989).

9  In this case, the privacy interests at issue outweigh any purported public interest in the third-
10 party PII.  The documents produced in response to plaintiff's third FOIA request include the PII of more
11 than 400 individuals.  (FEMA spent a number of hours providing individuals codes for each individual
12 pursuant to the parties' partial settlement agreement.)  The disclosure of personal contact information
13 from FEMA's NFIP database, including "names and addresses, coupled with their status as participants
14 in the federally subsidized program, represents a *palpable threat* to those person's privacy."  *Forest*
15 *Guardians v. FEMA*, 410 F.3d 1214, 1220( 10th Cir. 2005) (citation omitted, emphasis in original).  For
16 example, disclosing such PII could lead to the discovery of the individual's name (even if redacted) and
17 generate "unwanted and unsolicited mail, if not more."  *Id*. at 1219 & n.3.

18 On the other hand, the public interest in this PII is non-existent, because disclosure of this PII
19 will not shed any light on FEMA's activities.  While it is true that the NFIP "maps have a significant
20 public interest as the primary tools used in flood protection, habitat preservation, and evaluation," as the
21 Court notes in its order (Order at 15), those maps are already in the public domain and the disclosure of
22 the PII of participants in the program is not necessary to understand or use those maps for the purposes
23 stated above.

24 For these reasons, FEMA has adopted a system of records pursuant to the Privacy Act of 1974
25 that describes FEMA's "collection and maintenance of records on individuals who are involved in the
26 creation and updating of flood maps, individuals requesting information on or purchasing flood map
27 products or services, and individuals involved with hazard mitigation planning." DHS/FEMA-014
28 Hazard Mitigation Planning and Flood Mapping Products and Services Records System of Records,

EMERGENCY MOTION FOR STAY; WALL DECLARATION; PROPOSED ORDER
16-CV-05254 MEJ                                         7

available at https://www.federalregister.gov/documents/2017/10/25/2017-23205/privacy-act-of-1974-system-of-records.  The background section of this system-of-records documents describes how FEMA collects and uses PII in connection with flood mapping.  Not only can "[m]embers of the public view and review … FEMA maps and related products online free of charge to understand a property's flood risk"; but through its system of records FEMA makes available to the public the relevant data documenting the scientific and technical basis of the maps and documents the community and public coordination processes associated with the development and publication of the maps.  Given the publicly available information regarding flood maps, there is no remaining public interest in the PII that plaintiff seeks to disclose.  In sum, the privacy interests weigh in favor of and support FEMA's decision to redact and withhold the PII in question.

### B. Exemption 5 withholdings

The Court is already familiar with FEMA's view regarding application of the deliberative process privilege to the withheld material at issue here.  While FEMA recognizes that the Court has ruled against the agency, FEMA respectfully submits that, at a minimum, there is a substantial basis for its view on this issue.

The Ninth Circuit has instructed district courts to look at how a document plays into the agency's deliberative process to determine whether it qualifies for protection. *See Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114 (9th Cir. 1988).  That is because Exemption 5 "was intended to protect . . . the deliberative process of agencies." *Id*. at 1118. "[I]f disclosure of the document would expose the decision-making process itself to public scrutiny"—like draft proposed rule changes—"by revealing the agency's evaluation and analysis of the multitudinous facts, the document [is] exempt from disclosure." *Id*.  Defendant believes there is a serious legal question regarding the disclosure of documents identified as "draft proposed rule changes" to the Court (ECF 63 at 9-10), as well as a question regarding the sufficiency of defendant's Vaughn index and supporting declarations that the Ninth Circuit should have the opportunity to address. *See Providence Journal*, 595 F.2d at 890 (FOIA "appellants need not show an absolute probability of success in order to be entitled to a stay.").

## CONCLUSION

FEMA and private third parties will suffer irreparable harm—the effective denial of defendant's

right to appeal and the release of the third-party PII—if the withheld material is required to be disclosed prior to appeal. Accordingly, FEMA respectfully requests that the current December 21, 2017, production deadline be stayed to permit the Solicitor General to determine whether to authorize appeal, and, if so, to allow the court of appeals to consider this matter

Dated: December 18, 2017                           Respectfully submitted,

                                                  BRIAN J. STRETCH
                                                  United States Attorney


                                                  /s/ *Robin M. Wall*

                                                  ROBIN M. WALL
                                                  Assistant United States Attorney
                                                  Attorney for Federal Defendant

**DECLARATION OF ROBIN M. WALL**

I, Robin M. Wall, declare and state as follows:

1. I am an Assistant United States Attorney in the Northern District of California and counsel of record for the federal defendant in the above-captioned actions.

2. On December 7, 2017, I asked plaintiff's counsel, Drevet Hunt, whether plaintiff would stipulate to a stay of the December 14, 2018, production deadline to permit consideration of an appeal.

3. On December 8, 2017, I provided a draft stipulation to Mr. Hunt for plaintiff's consideration.

4. On December 11 and 12, 2017, I followed up with Mr. Hunt regarding the proposed stay.

5. On December 12, 2017, Mr. Hunt informed me that plaintiff could not agree to the request unless Judge James Donato first agreed to a stipulated extension in three cases filed by plaintiff against FEMA with case nos. 3:16-cv-06987-JD, 3:16-cv-07252-JD, and 3:17-cv-02788-JD. *See, e.g.*, Case No. 3:16-cv-06987-JD, ECF 39 (Stipulation and Proposed Order Revising Case Management Deadlines). The stipulation seeking an extension in those cases was filed on December 11, 2017.

6. On December 12, 2017, I asked Mr. Hunt whether plaintiff would stipulate to a one-week extension to give Judge Donato time to rule on the stipulated extension and thus avoid unnecessary motion practice in this case. Mr. Hunt agreed and the parties filed a stipulated request to extend the production deadline to December 21, 2017, which this Court granted.

7. I learned today that three days ago on Friday, December 15, 2017, Judge Donato denied the extension requested by plaintiff and FEMA in *Ecological Rights Foundation v. Federal Emergency Management Agency*, Case Nos. 16-cv-06987-JD, 16-cv-07252-JD, and 17-cv-02788-JD. *See* Case No. 16-cv-06987-JD, ECF 40 (docket entry).

8. I reached out to Mr. Hunt this afternoon, and Mr. Hunt indicated by email after 10 p.m. today that plaintiff was unwilling to stipulate to a further stay of the production deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 18, 2017   /s/ *Robin M. Wall*
　　　　　　　　　　　　　　ROBIN M. WALL
　　　　　　　　　　　　　　Assistant United States Attorney

**PROPOSED ORDER**

For good cause shown, the Court hereby stays the December 21, 2017, production deadline set forth in the Court's November 30, 2017, and December 15, 2017, orders pending a decision by the government regarding whether to seek appellate review; and, if the government files a notice of appeal, the Court further stays the production deadline pending the resolution of that appeal.

IT IS SO ORDERED.

Dated: _____, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge