Christopher Sproul (State Bar No. 126398)
Christopher Hudak (State Bar No. 282283)
Danielle Rathje (State Bar No. 300167)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Emails:  csproul@enviroadvocates.com,
christopherwhudak@gmail.com,
dnrathje@gmail.com

LAWYERS FOR CLEAN WATER, INC.
Drevet Hunt (Bar No. 240487)
Email:  drev@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155

Attorneys for Plaintiff,
ECOLOGICAL RIGHTS FOUNDATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>          Plaintiff,<br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, an agency of the Department of Homeland Security,<br><br>          Defendants. | Case No. 16-cv-05254-MEJ<br><br>**OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL** |

Plaintiff Ecological Rights Foundation ("EcoRights") submits this Opposition to Defendant Federal Emergency Management Agency ("FEMA")'s Emergency Motion for Stay Pending Appeal ("Stay Motion") (Dkt. 79). This case concerns, among other things, whether FEMA's withholding of information otherwise responsive to EcoRights' requests pursuant to the Freedom of Information Act ("FOIA") were justified pursuant to Exemption 5 and Exemption 6 of FOIA, 5 U.S.C. § 552(b)(5)-(6). On the parties' cross-motions for summary judgment, this Court found that FEMA's withholdings were improper and not justified, and ordered FEMA to produce the redacted and withheld documents by December 14, 2017. Dkt. 74 ("MSJ Order") at 13:9-11 and 15:24-16-3. EcoRights respectfully requests the Court deny FEMA's Stay Motion.

I. INTRODUCTION

FEMA has had months, and numerous opportunities to support its claims for withholding the documents and information at issue here, it has failed each and every time and continues to do so. Seeking a stay on appeal to further delay its production of documents would unduly prejudice Plaintiff, and would subvert the fundamental purpose of the FOIA. FEMA makes no effort to show that it "immediately" reported the adverse ruling to the appellate section and/or Solicitor General, and "promptly" (within two days) made recommendation concerning appellate review of the Court's MSJ Order, as required by the U.S. Attorneys Manual.[1] Nor has FEMA offered any evidence that the Solicitor General's Office has been incapable to review the matter over the past nearly three weeks. At this point, FEMA's sole purpose in continuing to avoid disclosure appears to be its desire to prevent Plaintiff from using the information in Plaintiff's ESA enforcement actions.

The documents that FEMA improperly withheld relate to FEMA's implementation of the National Flood Insurance Program ("NFIP"), and whether the implementation of that program adversely impacts endangered and threatened species protected by the federal Endangered Species Act. EcoRights requested the withheld documents with FOIA requests beginning in April 2016. Based in part on information gathered from FEMA, EcoRights filed three lawsuits since then alleging that FEMA is in violation of the ESA because the implementation of the NFIP affects endangered and threatened species

---

[1] See, U.S. Attorneys Manual §2-2.110 "Decision Against the Government—Immediate Report of Adverse Decision", and §2-2.110 "Prompt Recommendation Concerning Further Appellate Review". https://www.justice.gov/usam/usam-2-2000-procedure-respect-appeals-generally#2-2.110

that rely on floodplain habitat for their survival, yet FEMA has failed to meet its duties under section 7 of the ESA to ensure its actions do not jeopardize these species. *See* Declaration of Drevet Hunt in Opposition to Motion for Stay, ¶¶ 5-13. The information FEMA refused to produce, and which this Court has now ordered it to produce, is almost certainly relevant to EcoRights' pending ESA lawsuits. *Id.* There is a dispositive motion deadline in the ESA lawsuits of January 12, 2018, and EcoRights' ability to present evidence FEMA continues to withhold will be prejudiced if the stay requested by FEMA is granted.

Not only will EcoRights suffer specific harm if the requested stay is granted, FEMA's asserted basis for granting the stay are without merit. FEMA has not demonstrated that it is likely to succeed on the merits should it file an appeal, or even that such an appeal would raise serious legal questions.

II.      STANDARD OF REVIEW

Under Fed. Rule Civ. Proc. 62(c), the factors regulating the issuance of a stay are (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987). In the specific context of stay pending appeal, there is a three-factor test: "(1) have the movants established a strong likelihood of success on the merits? (2) does the balance of irreparable harm favor the movants?, (3) does the public interest favor granting the injunction?" *Digital Communications Network. Inc. v. AB Cellular Holding LLC.* 1999 U.S. Dist. LEXIS 15107 at *10 (C. D. Cal. Aug. 19, 1999) (citing *Warm Springs Dam Task Force v. Gribble,* 565 F.2d 549 (9th Cir. 1977)). The Ninth Circuit requires the moving party demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious legal questions are raised and that the balance of hardships tips sharply in its favor. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980); *see also Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983). These are not separate tests, but standards representing the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified. *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir.

2011) "[A] proper showing regarding irreparable harm…[is] a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay. *Id.* at 965. Even certainty of irreparable harm has never *entitled* one to a stay. *Id*.

III.     ARGUMENT

    A.     FEMA's Motion Is Improper as It Has Not Yet Filed an Appeal

Federal Rule of Civil Procedure 62(c) provides that "while an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." FEMA has invoked FRCP 62(c) to request a stay of proceedings while the Solicitor General determines whether to file an appeal. However, FRCP 62(c) requires that an appeal be "pending". *See, e.g.*, *Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence,* 2009 U.S. Dist. LEXIS 98497, *2 (N.D. Cal. Oct. 13, 2009) (finding that a motion to stay pending appeal was premature when no appeal had been filed). As FEMA has not yet actually filed an appeal, and it is unclear whether any such appeal will be filed, FEMA's Emergency Motion for Stay pending appeal is premature and should be denied.

    B.     FEMA Has Not Demonstrated Likelihood of Success or Identified Serious Legal Questions on Appeal

By merely rehashing the same arguments that were unsuccessful on summary judgment, FEMA has not demonstrated a likelihood of success on the merits, much less the "strong" showing required to support a stay pending appeal.

Two courts have now reviewed a sampling of materials FEMA is withholding on the basis of deliberative process privilege ("Exemption 5"). Both have found the exemption does not apply. *See* MSJ Order; *see also Ecological Rights Foundation v. FEMA*, 2017 WL 24859 (N.D. Cal. Jan. 3, 2017). After review of unredacted versions or portions of withheld documents, this Court correctly found that FEMA incorrectly applies the deliberative process privilege to documents concerning ongoing considerations about what do with broad regulatory authority. The deliberative process must be limited to clearly identified decisions, rather than ongoing considerations of what to do with broad regulatory authority. MSJ Order at 9:5-7; *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992). As

the Court also noted, many of the documents withheld on the basis of deliberative process privilege, postdate the relevant agency decision, and thus, by definition, cannot be pre-decisional. The referenced decision was an agreement between FEMA and FWS/NMFS concerning the initiation of "formal Section 7 consultation on the implementation of the NFIP". Dkt. 47.  The improperly withheld documents reflect disputes with NFMS/FWS over whether those decisions were appropriate. This Court has already determined these documents cannot be considered to be part of the deliberative process in advance of a particular decision. "[T]he purpose of the deliberative process privilege is to protect the quality of an agency's decision; revealing 'communications made after the decision and designed to explain it' do not affect a decision's quality." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 981-2 (9th Cir. 2009) (quoting *Sears*, 421 U.S. at 152). This Court's examination of unredacted copies of withheld documents found that FEMA asserts deliberative process privilege over documents that do not contain advice to aid agency deliberations, but merely include a general overview of the NFIP program, or regard "the open-ended process of revision of NFIP regulations and interrelated discussions about whether FEMA should consult with the FWS/NMFS under the ESA". MSJ Order at 8:24-28.

Further, FEMA is withholding documents similar in nature to those addressed in *Ecological Rights Foundation v. FEMA*, 2017 WL 24859 (N.D. Cal. Jan. 3, 2017). Again, these documents concern whether FEMA is legally obligated to engage in a section 7(a)(2) consultation with NMFS pursuant to the Endangered Species Act as part of FEMA's rulemaking process regarding the NFIP. *Id.* at 2. Judge Ryu refused to return the documents to FEMA finding the emails are not predecisional as they merely "convey each agency's official policy to the other agency". *Id*. NMFS and FWS each produced unredacted versions of the withheld documents, indicating those federal agencies do not consider the types of post-decision documents at issue here to be protected by the deliberative process privilege. MSJ Order at 10:7-12.

As discussed more fully below, this Court also found that FEMA failed to explain how disclosure of the documents at issue would expose FEMA's decision-making process so as to discourage candid discussion, and thus failed to provide any justification for how the agency would be harmed by disclosure as required by the FOIA Improvement Act of 2016. 5 U.S.C. § 552(a)(8)(A)(i). FEMA's current motion makes no effort to justify any claim of harm to the deliberative process, and any such

claim is nonsensical, as many of these documents reflecting the FEMA's disputes with NMFS and FWS over ESA consultations have already been disclosed and are in the public arena. For the above reasons, FEMA cannot meet its burden of showing a strong likelihood of success on the merits, or even that serious legal questions are at issue with regard to the materials improperly withheld pursuant to the deliberative process privilege (Exemption 5). .

Similarly, FEMA has not demonstrated a likelihood of success on the merits as to the documents it has redacted or withheld pursuant to Exemption 6, which is intended to protect privacy interests. FEMA redacted portions of records that contain the names and personal contact information of individuals in the LOMA records system, such as applications from property owners or developers for Flood Insurance Rate Map Amendments, or requests to exclude properties from Special Flood Hazard Areas. Addressing these claims, this Court pointed out that FEMA's Flood Insurance Rate Maps, and alterations to the maps, are publicly available. MSJ Order, 14:27-15:1.

FEMA still has not provided any "particularized explanation of what non-trivial privacy interest would be implicated if these third party, non-governmental names and contact information are disclosed." *Id.*, 15:3-5. As the Court noted, there is nothing in the record indicating the individuals will be subjected to "embarrassment, shame, stigma, and harassment or other negative consequences if their associations with these records were revealed". Id., 15:5-7; *Forest Service Employees. v. United States Forest Service*, 524 F.3d 1021, 1026 (9th Cir. 2008). FEMA's Stay Motion provides no additional evidence to support its tenuous claim. Furthermore, FEMA makes no showing that these documents, including the names of the applicants, are protected and treated as confidential by the local municipalities to which they are submitted or shared. And even assuming, arguendo, there is some non-trivial privacy interest at stake, the Court correctly found that the public's interest in the disclosure of the information greatly outweighs FEMA's privacy interest in the LOMA record system, as the information is important to communities' flood mapping efforts, floodplain land-use regulations, and habitat protection. MSJ Order at 15:14-21. FEMA cites the Privacy Act of 1974, which allows for the release of the type of information at issue here to the public when there exists "a legitimate public interest in its disclosure", unless the agency's "Chief Privacy Officer determines that release of the specific information in the context of the a particular case would constitute a clearly unwarranted invasion of

personal privacy." DHS/FEMA-014, Hazard Mitigation Planning and Flood Mapping Products and Services Records System of Records. FEMA provides no evidence that there has been such a determination as to the records they are ordered to produce.

The agency's continuing assertion that it has not been provided a sufficient opportunity to address the Exemption 6 documents is equally without merit. As the Court noted, FEMA's claims that it was surprised by Plaintiff's request for release of the Exemption 6 materials is implausible. EcoRights moved for summary judgment, arguing FEMA's Exemption 6 redactions were improper, and the improper redactions were subject to extensive meet and confer efforts and a Partial Settlement Agreement.[2] For these reasons, FEMA has not met its burden of showing a strong likelihood of success on the merits with regard to the improper Exemption 6 redactions.

### C. FEMA Has Not Demonstrated Balance of the Hardships Weigh in Its Favor or that the Government Will Suffer Irreparable Harm and Ignores the Harm to Plaintiff

Defendant argues that without a stay "[t]he irreparable harm that would result is manifest" in that if the withheld information were disclosed, "the government would effectively be denied its right of appeal." Stay Motion at 4:1-3. While it is true that disclosure of the documents would mean that the information they contain would become public, FEMA has not and will not be able to demonstrate that the balance of hardships in this case tips sharply in its favor. *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). As Judge White stated when denying a motion for stay pending an appeal in a FOIA case like this one, "[a]lthough timely disclosure would negatively affect the Defendants' position on appeal, it is not clear that Defendants will even pursue the appeal already filed and, regardless, the Court finds the equities weigh in favor of denial of a stay." *Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, No. C 08-01023 JSW, 2009 U.S. Dist. LEXIS 98497, at *7 (N.D. Cal. Oct. 13, 2009). The same is true here.

First, as explained above in section III.A, FEMA's motion is procedurally improper as it has yet to even file an appeal. Based on FEMA's Stay Motion, it is entirely unclear whether FEMA will even

---

[2] Plaintiff asserted in Plaintiff's Opposition that the Vaughn Index failed to include any entries for Exemption 6 withholdings. Dkt. No. 48 at 17 ("FEMA's *Vaughn* index does not include any entries regarding FEMA's invocation of Exemption 6.") In addition, the Vaughn Index issue was raised during a meet and confer in the Court's chambers on July 13, 2017, with Plaintiff providing a list of Exemption 6 redactions that did not appear on the Vaughn Index to Defendant prior to that meet and confer, as well as during a telephonic meet and confer on August 3, 2017. *See* Dkt. 64 at 4.

pursue an appeal. Like in the *EFF* case, the uncertainty of whether FEMA will even appeal weighs in favor of denying the requested stay.

Second, FEMA has failed to show that the balance of hardships tips sharply in its favor. Regarding the documents it withheld pursuant to Exemption 5, FEMA makes no showing to support its bald assertion that disclosure of the documents withheld would result in any injury to FEMA's ability to engage in candid decisionmaking. This Court already squarely addressed this issue, finding that:

> FEMA fails to explain how disclosure would expose FEMA's decisionmaking process so as to discourage candid discussion. FEMA also does not provide any justification for how the agency would be harmed by disclosure as required by the FOIA Improvement Act of 2016. 5 U.S.C. § 552(a)(8)(A)(i). Absent a showing of foreseeable harm to an interest protected by the deliberative process exemption, the documents must be disclosed.

MSJ Order at 10:13-20. FEMA has not identified any new concerns or provided any additional explanation of the harm to its interests protected by Exemption 5 that it would suffer if the requested stay is denied. The Court should deny FEMA's request to stay production of the Exemption 5 documents.

Regarding the documents withheld pursuant to Exemption 6, FEMA has not shown irreparable harm that would warrant a stay. In general, courts "evaluate four factors to determine whether disclosure constitutes a 'clearly unwarranted invasion of personal privacy.' The factors are: (1) the plaintiff's interest in disclosure, (2) the public's interest in disclosure, (3) the degree of the invasion of personal privacy, and (4) the availability of any alternative means of obtaining the requested information. In weighing these factors, the asserted private and public interests must be balanced against the degree of the privacy invasion." *Prof'l Programs Group. v. Dep't of Commerce*, 29 F.3d 1349, 1354 (9th Cir. 1994) (citations omitted).

FEMA does not engage in any such balancing in its Stay Motion, and instead, relying on two cases that are easily distinguished, simply argues that disclosure of the third-party PII would harm third-party privacy interests. In *Professional Programs Group,* the documents and information withheld were being sought for personal, commercial gain; there was no identified public interest in disclosure; and on balance the invasion of personal privacy was unwarranted. In *Minnis v. United States Department of Agriculture*, the privacy balancing test came out against the FOIA requester who only wanted the information for personal gain so he could sell things to rafters, and that disclosure would harm

individuals mainly in the form of unsolicited advertising. 737 F.2d 784, 787 (9th Cir. 1984). The court concluded "FOIA was not intended to require release of otherwise private information to one who intends to use it solely for personal gain." *Minnis v. United States Dep't of Agric.,* 737 F.2d 784, 787 (9th Cir. 1984). Unlike either of these cases, the information being sought is not for EcoRights' personal gain, but rather to protect endangered species. And FEMA has not shown that the privacy interest is more than trivial. Further, the public interest in the information being sought outweighs the privacy concerns. As this Court explained in the MSJ Order, "the maps have a significant public interest as the primary tools used for flood protection, habitat preservation, and evaluation." MSJ Order at 15:14-21. Finally, allowing FEMA to continue to withhold materials will prejudice EcoRights' ability to present all the relevant information in its pending ESA Cases alleging that FEMA's implementation of the NFIP violates the Endangered Species Act. Hunt Decl., ¶¶ 5-13. FEMA makes no effort to balance the public and private interests in the information it seeks to withhold: its bald assertion that privacy interests must be protected is insufficient to justify a stay.

   D. <u>FEMA Has Failed to Demonstrate that the Time It Has Already Had Is Insufficient to Determine Whether to Appeal</u>

  The Court should also deny the requested stay because FEMA has not shown it even needs the requested time to determine whether to appeal. Notably absent from FEMA's motion and supporting declaration are any specific facts detailing its efforts to act quickly and timely to ensure its interests are protected and harm is avoided. FEMA has had nearly three weeks to determine whether to appeal. If FEMA truly believed it has a likelihood of success or even that serious legal issues existed, or that it would suffer irreparable injury or the balance of hardships tilts sharply in its favor, it certainly could have rendered a decision on whether to appeal in the three weeks since the Court's MSJ Order issued.

  FEMA argues that "any appeal taken must be approved by the solicitor general of the United States" and that FEMA "requests a stay at this time to ensure adequate time for the Solicitor General to determine the appropriate course of action." Stay Motion at 2:1-3. The United States Attorneys Manual (available at https://www.justice.gov/usam/usam-2-2000-procedure-respect-appeals-generally#2-2.110) sets a procedure for trial counsel to notify the Solicitor General of an adverse decision, and recommendations to ensure prompt review and determination is made. United States Attorneys Manual

section 2-2.110 and 2-2.111. Specifically the Manual states that "the United States Attorney must **immediately** transmit a copy of the decision to the appellate section of the division responsible for the case." Further, the United States Attorney "must promptly make a report to the appropriate division of the Department (**preferably within two days after receipt of the opinion**)" that includes a statement of "**when time expires for seeking the appropriate review**." *Id*.

FEMA has not demonstrated to the Court that it has met these requirements. In this case, the time for seeking appropriate review expired on or before December 14, 2017 (the date the MSJ Order required production), or perhaps December 21, 2017 (the date to which EcoRights' stipulated and the Court extended the required production). FEMA suggests that the time for taking an appeal expires January 29, 2018 (60 days from the date of the MSJ Order), but as a practical matter the deadline for production in MSJ Order moved this deadline up to December 14, 2017. Considering the short timeframe for production, FEMA's counsel should have prepared its report within the recommended two days after receipt of the decision, and noted for the Solicitor General that the Court's MSJ Order provided a practical deadline for rendering a decision of December 14, 2017.

Nowhere in FEMA's papers does it describe that it acted with the necessary urgency to protect against the allegedly substantial irreparably injury and harm it will suffer it discloses the withheld documents as required. Prior to filing this motion, FEMA's counsel requested an extension to January 12, 2018 to either produce the documents or file an appeal. Hunt Decl. ¶ 18. At no time during conversations prior to FEMA filing its Stay Motion did counsel for FEMA explain that it had informed the Solicitor General of the urgent need to obtain a decision, or that the Solicitor General stated it could not provide a decision prior to the Court ordered production deadline. Hunt Decl. ¶¶ 14-24. FEMA states in vague terms in that "appellate review is underway." Stay Motion at 2:4. But it fails to make any showing of when that review could be completed, or why it needs an indefinite stay on the deadline ordered by the Court.

FEMA's failure to demonstrate for the Court that it has acted expeditiously to determine whether to appeal should not taken lightly. Its failure here is entirely consistent with its multitude of failures throughout this case to meet deadlines, and satisfy its legal obligations, when given an opportunity. The

Court should not give FEMA yet another extension when it has proven itself incapable of complying with its obligations time and time again.

IV. CONCLUSION

For the reasons set forth above, EcoRights respectfully requests the Court DENY the requested stay. Defendant has not made any showing that disclosure of the documents withheld pursuant to Exemption 5 would harm FEMA or chill the deliberative process, and preventing EcoRights from obtaining these documents would prejudice its ongoing ESA Cases as well as thwart the core purpose of FOIA. Likewise, it has not shown that any harm in releasing the Exemption 6 materials that outweighs the public interest in disclosure.

December 20, 2017                                   Respectfully Submitted,

                                                    */s/ Drevet Hunt*
                                                    Drevet Hunt
                                                    Lawyers for Clean Water, Inc.
                                                    Counsel for Plaintiff
                                                    ECOLOGICAL RIGHTS FOUNDATION